MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

DANIEL MORALES PEREZ, ELDER
ESTUARDO PEREZ RAMOS, FRANCISCO
ALVAREZ RIVERA, and JUANA SANTOS,
*individually and on behalf of others similarly*
*situated,*

                                 *Plaintiffs*,

          -against-

LA GRINGA FOOD CORP. (D/B/A LA
GRINGA), DOS LOCOS ON COOPER AVE
LLC  (D/B/A DOS LOCOS), JOHN PAUL
CAMPBELL, ADALIS VALDEZ, and
HENRY DOE,

                             *Defendants*.
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiffs Daniel Morales Perez, Elder Estuardo Perez Ramos, Francisco Alvarez Rivera,

and Juana Santos, individually and on behalf of others similarly situated (collectively, "Plaintiffs"),

by and through their attorneys, Michael Faillace & Associates, P.C., upon their knowledge and

belief, and as against La Gringa Food Corp (d/b/a La Gringa), Dos Locos on Cooper Ave LLC

(d/b/a Dos Locos), ("Defendant Corporations"), John Paul Campbell,  Adalis Valdez, and  Henry

Doe, ("Individual Defendants"), (collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.      Plaintiffs are former employees of Defendants La Gringa Food Corp (d/b/a La Gringa), Dos Locos on Cooper Ave LLC (d/b/a Dos Locos), John Paul Campbell, Adalis Valdez, and Henry Doe.

2.       Defendants own, operate, or control two Mexican restaurants, located at 63-34 Woodhaven Blvd, Queens, New York 11374 under the name "La Gringa" and at 79-11 Cooper Ave, Flushing, New York 11385 under the name "Dos Locos".

3.      Upon information and belief, individual Defendants John Paul Campbell, Adalis Valdez, and Henry Doe, serve or served as owners, managers, principals, or agents of Defendant Corporations and, through these corporate entities, operate or operated the restaurants as a joint or unified enterprise.

4.      Plaintiffs were employed as a dishwasher and cooks at the restaurants located at 63-34 Woodhaven Blvd, Queens, New York 11374 and 79-11 Cooper Ave, Flushing, New York 11385.

5.      At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that they worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked, failed to pay Plaintiffs appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiffs the required "spread of hours" pay for any day in which they had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiffs wages on a timely basis.

9.    Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

10.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11.    Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.    Plaintiffs seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.    This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

14.    Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants

operate two Mexican restaurants located in this district. Further, Plaintiffs were employed by Defendants in this district.

## PARTIES

*Plaintiffs*

15.    Plaintiff Daniel Morales Perez ("Plaintiff Morales" or "Mr. Morales") is an adult individual residing in Queens County, New York.

16.    Plaintiff Morales was employed by Defendants at La Gringa from approximately August 2017 until on or about September 29, 2018.

17.    Plaintiff Elder Estuardo Perez Ramos ("Plaintiff Perez" or "Mr. Perez") is an adult individual residing in Queens County, New York.

18.    Plaintiff Perez was employed by Defendants at La Gringa from approximately June 2018 until on or about October 1, 2018.

19.    Plaintiff Francisco Alvarez Rivera ("Plaintiff Alvarez" or "Mr. Alvarez") is an adult individual residing in New York County, New York.

20.    Plaintiff Alvarez was employed by Defendants at La Gringa from approximately March 2017 until on or about December 2017 and from approximately August 2018 until on or about October 9, 2018.

21.    Plaintiff Juana Santos ("Plaintiff Santos" or "Ms. Santos") is an adult individual residing in Queens County, New York.

22.    Plaintiff Santos was employed by Defendants at La Gringa and Dos Locos from approximately July 2017 until on or about December 2017 and from approximately February 2018 until on or about July 2018.

*Defendants*

23.   At all relevant times, Defendants owned, operated, or controlled two Mexican restaurants, located at 63-34 Woodhaven Blvd, Queens, New York 11374 under the name "La Gringa" and at 79-11 Cooper Ave, Flushing, New York 11385 under the name "Dos Locos".

24.   Upon information and belief, La Gringa Food Corp (d/b/a La Gringa) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 63-34 Woodhaven Blvd, Queens, New York 11374.

25.   Upon information and belief, Dos Locos on Cooper Ave LLC (d/b/a Dos Locos) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 79-11 Cooper Ave, Flushing, New York 11385.

26.   Defendant John Paul Campbell is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Paul Campbell is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant John Paul Campbell possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

27.   Defendant Adalis Valdez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Adalis Valdez is sued individually in her capacity as owner, officer and/or agent of Defendant Corporations. Defendant Adalis Valdez possesses operational control over Defendant Corporations, an ownership interest in Defendant

Corporations, and controls significant functions of Defendant Corporations. She determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

28.      Defendant Henry Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Henry Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporations. Defendant Henry Doe possesses operational control over Defendant Corporations, an ownership interest in Defendant Corporations, and controls significant functions of Defendant Corporations. He determines the wages and compensation of the employees of Defendants, including Plaintiffs, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

29.      Defendants operate two Mexican restaurants located in the Rego Park section of Queens in New York City.

30.      Individual Defendants, John Paul Campbell, Adalis Valdez, and Henry Doe, possess operational control over Defendant Corporations, possess ownership interests in Defendant Corporations, and control significant functions of Defendant Corporations.

31.      Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32.      Each Defendant possessed substantial control over Plaintiffs' (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiffs, and all similarly situated individuals, referred to herein.

33.    Defendants jointly employed Plaintiffs (and all similarly situated employees) and are Plaintiffs' (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

34.    In the alternative, Defendants constitute a single employer of Plaintiffs and/or similarly situated individuals.

35.    Upon information and belief, Individual Defendants John Paul Campbell, Adalis Valdez, and Henry Doe operate Defendant Corporations as either alter egos of themselves and/or failed to operate Defendant Corporations as entities legally separate and apart from themselves, by among other things:

    a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporations as Corporations,

    b)  defectively forming or maintaining the corporate entities of Defendant Corporations, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

    c)  transferring assets and debts freely as between all Defendants,

    d)  operating Defendant Corporations for their own benefit as the sole or majority shareholders,

    e)  operating Defendant Corporations for their own benefit and maintaining control over these corporations as closed Corporations,

    f)  intermingling assets and debts of their own with Defendant Corporations,

    g)  diminishing and/or transferring assets of Defendant Corporations to avoid full liability as necessary to protect their own interests, and

    h)  Other actions evincing a failure to adhere to the corporate form.

36.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

37.     In each year from 2017 to 2018, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurants on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiffs*

39.     Plaintiffs are former employees of Defendants who were employed as a dishwasher and cooks. Plaintiffs seek to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Daniel Morales Perez*

40.     Plaintiff Morales was employed by Defendants from approximately August 2017 until on or about September 29, 2018.

41.     Defendants employed Plaintiff Morales as a cook.

42.     Plaintiff Morales regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Morales's work duties required neither discretion nor independent judgment.

44.     Throughout his employment with Defendants, Plaintiff Morales regularly worked in excess of 40 hours per week.

45.    For approximately three weeks per month from approximately August 2017 until on or about December 2017, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 11:30 p.m. to 12:00 a.m., Sundays through Thursdays and from approximately 7:00 a.m. until on or about 12:00 a.m. to 1:00 a.m., Fridays and Saturdays (typically 84 to 88 hours per week).

46.    For approximately one week per month within this time period, Plaintiff Morales worked from approximately 11:00 a.m. until on or about 11:00 p.m. to 11:30 p.m., six days a week (typically 72 to 75 hours per week).

47.    From approximately December 1, 2017 until on or about December 31, 2017, Plaintiff Morales's hours varied but worked an average of 55 hours per week.

48.    From approximately January 2018 until on or about March 2018, Plaintiff Morales's hours varied but worked an average of 61 hours per week.

49.    From approximately April 2018 until on or about June 2018, Plaintiff Morales's hours varied but worked an average of 70 hours per week.

50.    From approximately July 2018 until on or about September 2018, Plaintiff Morales's hours varied but worked an average of 64 hours per week.

51.    Throughout his employment, Defendants paid Plaintiff Morales his wages by personal check.

52.    From approximately August 2017 until on or about December 2017, Defendants paid Plaintiff Morales $15.00 per hour.

53.    From approximately January 2018 until on or about September 2018, Defendants paid Plaintiff Morales $16.00 per hour.

54.    For approximately two pay periods, Defendants did not pay Plaintiff Morales any wages for his work.

55.     Plaintiff Morales's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

56.     For example, Defendants required Plaintiff Morales to work many additional hours past his scheduled departure time every day, and did not pay him for the additional time he worked.

57.     Defendants never granted Plaintiff Morales any breaks or meal periods of any kind.

58.     From approximately August 2017 until on or about December 2017, Plaintiff Morales was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

59.     From approximately December 2017 until on or about September 2018, Defendants required Plaintiff Morales to keep track of time using two separate identification numbers that did not accurately reflect his actual hours worked.

60.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Morales regarding overtime and wages under the FLSA and NYLL.

61.     Defendants did not provide Plaintiff Morales an accurate statement of wages, as required by NYLL 195(3).

62.     Defendants did not give any notice to Plaintiff Morales, in English and in Spanish (Plaintiff Morales's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

63.     Defendants required Plaintiff Morales to purchase "tools of the trade" with his own funds—including vegetables, hamburger buns, and pepper.

*Plaintiff Elder Estuardo Perez Ramos*

64.     Plaintiff Perez was employed by Defendants from approximately June 2018 until on or about October 1, 2018.

65.    Defendants employed Plaintiff Perez as a dishwasher and a cook.

66.    Plaintiff Perez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

67.    Plaintiff Perez's work duties required neither discretion nor independent judgment.

68.    Throughout his employment with Defendants, Plaintiff Perez regularly worked in excess of 40 hours per week.

69.    From approximately June 2018 until on or about October 1, 2018, Plaintiff Perez worked from approximately 3:00 p.m. until on or about 1:30 a.m., three days a week and from approximately 5:00 p.m. until on or about 2:00 a.m., three days a week (typically 58.5 hours per week).

70.    Throughout his employment, Defendants paid Plaintiff Perez his wages by personal check.

71.    From approximately June 2018 until on or about July 2018, Defendants paid Plaintiff Perez $12.00 per hour.

72.    From approximately July 2018 until on or about October 1, 2018, Defendants paid Plaintiff Perez $13.00 per hour.

73.    Plaintiff Perez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

74.    For example, Defendants required Plaintiff Perez to work an additional 30 minutes to 1 hour past his scheduled departure time four days a week, and did not pay him for the additional time he worked.

75.    Defendants never granted Plaintiff Perez any breaks or meal periods of any kind.

76.     For approximately his first twenty days of work, Plaintiff Perez was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

77.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Perez regarding overtime and wages under the FLSA and NYLL.

78.     Defendants did not provide Plaintiff Perez an accurate statement of wages, as required by NYLL 195(3).

79.     Defendants did not give any notice to Plaintiff Perez, in English and in Spanish (Plaintiff Perez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Plaintiff Francisco Alvarez Rivera*

80.     Plaintiff Alvarez was employed by Defendants from approximately March 2017 until on or about December 2017 and from approximately August 2018 until on or about October 9, 2018.

81.     Defendants employed Plaintiff Alvarez as a cook.

82.     Plaintiff Alvarez regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

83.     Plaintiff Alvarez's work duties required neither discretion nor independent judgment.

84.     Throughout his employment with Defendants, Plaintiff Alvarez regularly worked in excess of 40 hours per week.

85.     For approximately two weeks per month from approximately March 2017 until on or about December 2017, Plaintiff Alvarez worked from approximately 2:00 p.m. until on or about 11:30 p.m. to 12:00 a.m., three or four days a week and from approximately 10:00 a.m. until on or about 5:00 p.m. to 6:00 p.m., four days a week (typically 48 to 51 or 51.5 to 54 hours per week).

86.    For approximately another two weeks per month within this time period, Plaintiff Alvarez worked from approximately 2:00 p.m. until on or about 11:30 p.m., four days a week and from approximately 10:00 a.m. until on or about 5:00 p.m. to 6:00 p.m., two days a week (typically 52 to 54 hours per week).

87.    Throughout his employment, Defendants paid Plaintiff Alvarez his wages by personal check.

88.    From approximately March 2017 until on or about December 2017, Defendants paid Plaintiff Alvarez $14.00 per hour.

89.    For approximately two weeks, Defendants did not pay Plaintiff Alvarez any wages for his work.

90.    Plaintiff Alvarez's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

91.    For example, Defendants required Plaintiff Alvarez to work an additional 30 minutes to 1 hour his scheduled departure time every day, and did not pay him for the additional time he worked.

92.    Defendants never granted Plaintiff Alvarez any breaks or meal periods of any kind.

93.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Alvarez regarding overtime and wages under the FLSA and NYLL.

94.    Defendants did not provide Plaintiff Alvarez an accurate statement of wages, as required by NYLL 195(3).

95.    Defendants did not give any notice to Plaintiff Alvarez, in English and in Spanish (Plaintiff Alvarez's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

96.     Defendants required Plaintiff Alvarez to purchase "tools of the trade" with his own funds—including one pair of shoes and knives.

*Plaintiff Juana Santos*

97.     Plaintiff Santos was employed by Defendants from approximately July 2017 until on or about December 2017 and from approximately February 2018 until on or about July 2018.

98.     Defendants employed Plaintiff Santos as a cook.

99.     Plaintiff Santos regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

100.    Plaintiff Santos's work duties required neither discretion nor independent judgment.

101.    Throughout her employment with Defendants, Plaintiff Santos regularly worked in excess of 40 hours per week.

102.    From approximately November 2017 until on or about December 2017, Plaintiff Santos worked at Dos Locos from approximately 6:00 a.m. until on or about 4:30 p.m., six days a week (typically 63 hours per week).

103.    From approximately February 1, 2018 until on or about February 28, 2018, Plaintiff Santos worked at Dos Locos from approximately 10:00 a.m. until on or about 11:00 p.m., six days a week (typically 78 hours per week).

104.    From approximately March 2018 until on or about July 2018, Plaintiff Santos worked at La Gringa from approximately 3:00 p.m. until on or about 12:00 a.m. to 1:00 a.m., six days a week (typically 54 to 60 hours per week).

105.    Throughout her employment, Defendants paid Plaintiff Santos her wages by personal check.

- 14 -

106.    From approximately June 2017 until on or about March 2018, Defendants paid Plaintiff Santos $13.00 per hour.

107.    From approximately March 2018 until on or about July 2018, Defendants paid Plaintiff Santos $15.00 per hour.

108.    Plaintiff Santos's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

109.    For example, Defendants required Plaintiff Santos to work an additional 30 minutes to 1 hour past her scheduled departure time every day, and did not pay her for the additional time she worked.

110.    Defendants never granted Plaintiff Santos any breaks or meal periods of any kind.

111.    No notification, either in the form of posted notices or other means, was ever given to Plaintiff Santos regarding overtime and wages under the FLSA and NYLL.

112.    Defendants did not provide Plaintiff Santos an accurate statement of wages, as required by NYLL 195(3).

113.    Defendants did not give any notice to Plaintiff Santos, in English and in Spanish (Plaintiff Santos's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

114.    Defendants required Plaintiff Santos to purchase "tools of the trade" with her own funds—including three pairs of shoes, and four black aprons.

*Defendants' General Employment Practices*

115.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40 hours a week

without paying them appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

116.    Plaintiffs were victims of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages they were owed for the hours they worked.

117.    Defendants' pay practices resulted in Plaintiffs not receiving payment for all their hours worked, and resulted in Plaintiffs' effective rate of pay falling below the required minimum wage rate.

118.    Defendants habitually required Plaintiffs to work additional hours beyond their regular shifts but did not provide them with any additional compensation.

119.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

120.    Defendants paid Plaintiffs their wages by personal check.

121.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

122.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs (and similarly situated individuals) worked, and to avoid paying Plaintiffs properly for their full hours worked.

123.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

124.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs and other similarly situated former workers.

125.    Defendants failed to provide Plaintiffs  and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

126.    Defendants failed to provide Plaintiffs  and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

127.    Plaintiffs bring their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

128.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

129.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

130.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

131.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

132.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

133.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

134.     Defendants failed to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

135.     Defendants' failure to pay Plaintiffs (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

136.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

137.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

138.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiffs (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

139.    Defendants' failure to pay Plaintiffs (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

140.    Plaintiffs (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

141.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

142.    At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiffs, controlled the terms and conditions of their employment, and determined the rates and methods of any compensation in exchange for their employment.

143.    Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiffs less than the minimum wage.

144.    Defendants' failure to pay Plaintiffs the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

145.    Plaintiffs were damaged in an amount to be determined at trial.

**FOURTH CAUSE OF ACTION**

**VIOLATION OF THE OVERTIME PROVISIONS**

**OF THE NEW YORK STATE LABOR LAW**

146.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

147.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

148.    Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

149.    Plaintiffs were damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

150.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

151.    Defendants failed to pay Plaintiffs one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

152.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

153.    Plaintiffs were damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

- 20 -

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

154.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

155.    Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

156.    Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

157.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

158.    With each payment of wages, Defendants failed to provide Plaintiffs with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

159.     Defendants are liable to each Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

160.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

161.     Defendants required Plaintiffs to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform their jobs, further reducing their wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

162.     Plaintiffs were damaged in an amount to be determined at trial.


## NINTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

163.     Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

164.     Defendants did not pay Plaintiffs on a regular weekly basis, in violation of NYLL §191.

165.     Defendants are liable to each Plaintiff in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(f)     Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiffs;

(k)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiffs;

(l)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages and any deductions or credits taken against wages;

(m)     Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiffs;

(n)     Awarding Plaintiffs damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(o)     Awarding Plaintiffs damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(q)     Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(r)    Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(s)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t)    All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 12, 2018

Michael Faillace & Associates, P.C.

By:    _____/s/ Michael Faillace_____
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiffs*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                            Telephone: (212) 317-1200
New York, New York 10165                                               Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Daniel Morales Perez

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     Octubre 9, 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 9, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                **Elder Estuardo Perez Ramos**

Michael Faillace & Associates, P.C.

Legal Representative / Abogado:

Signature / Firma:

09 de octubre de 2018

Date / Fecha:

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 10, 2018

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Francisco Alvarez Rivera

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                    10 de octubre 2018

*Certified as a minority-owned business in the State of New York*

# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 9, 2018

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Juana Santos Flores

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     October 9, 2018